NORDEN LABORATORIES, INC., A CORPORATION, APPELLEE, V. COUNTY BOARD OF EQUALIZATION OF THE COUNTY OF LANCASTER, NEBRASKA, ET AL., APPELLANTS.

203 N. W. 2d 152

Filed January 5, 1973.    No. 38356.

Paul L. Douglas and Floyd A. Sterns, for appellants.

Cline, Williams, Wright, Johnson & Oldfather and Donald F. Burt, for appellee.

(437)

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The question is whether goods manufactured and stored by the owner in its licensed, bonded warehouse are exempt from taxation under free port laws. The district court rendered judgment for the taxpayer, and Lancaster county appeals. The latter contends undisputed facts fail to entitle the taxpayer, Norden Laboratories, Inc., to the exemption. Norden counters with a statutory interpretation and state and federal constitutional provisions.

In 1969 Norden mainly manufactured pharmaceutical products in Lancaster county. The products were moved from the factory to the warehouse for shipment, both factory and warehouse being located in one building. Norden marketed the products through 1 branch in Omaha and 25 branches outside Nebraska.

The Nebraska State Railway Commission in 1968 had granted Norden a public storage warehouse license, Norden having furnished bond. During 1969 Norden owned all products in its warehouse. At no time did it solicit or accept goods of others for storage.

Norden maintained a running inventory—comprehensive manual and computer records. Products in storage moved in accordance with the first-in, first-out rule because of their limited life. The records enabled Norden accurately to determine when the products moved out of the warehouse. Products sold to Nebraska residents were returned for taxation, small adjustments being made retroactively to the taxable date when the products were in the warehouse.

Norden in 1969 reported the total actual value of its taxable personal property in Lancaster county to be $665,520. It claimed an exemption of $412,000 for products it intended to ship outside Nebraska. The county assessor denied the exemption, increasing actual

value to $1,077,520. On appeal the county board of equalization dismissed Norden's protest. The district court on appeal upheld the exemption claim, decreasing the valuation by $412,000.

Applicable statutes provided as follows: ". . . (b) goods . . . stored in transit in the state in bonded and licensed warehouses or storage areas and which are intended for and which are shipped to destinations outside this state upon leaving such warehouses or storage areas need not be . . . listed or reported." § 77-1226.01, R. R. S. 1943; Laws 1961, c. 379, § 2(2), p. 1165.

"Bonded and licensed warehouses . . . shall mean warehouses established and licensed on January 1, 1961, . . . engaged in the business of storing goods . . . for compensation, which issues warehouse receipts . . ., operating under a bailor - bailee relationship, offering and making available its facilities to the public generally . . . and continuously making available and using its facilities for public storage for compensation, and such . . . warehouses established on or after January 1, 1961, which thereafter are licensed . . . ." § 77-1226.02, R. R. S. 1943; Laws 1965, c. 484, § 1, p. 1563 (L.B. 125). The latter amended a prior amendment at the same session, Laws 1965, c. 485, § 1, p. 1564 (L.B. 195), by deleting the phrase "or storage areas" wherever it appeared in the section and deleting the clause "which do not use such warehouse . . . for goods . . . directly or indirectly owned or controlled by the warehouse owner or operator . . . ."

An explanation of L.B. 125 on the floor of the Legislature explicitly supports an interpretation in favor of Norden. See, 1 Leg. J. 1603 (75th Sess., 1965); L.B. 125, Floor Debate, p. 1490 (May 14, 1965) (official, unpublished, verbatim record). The record of a floor explanation or debate is legislative history, and it may be an extrinsic, secondary source in statutory interpretation. See, Folsom, Legislative History 30 (1972); 2 Sutherland, Statutory Construction, § 5001, p. 481 (3d

Ed., 1943); cf. Sun Ins. Co. v. Aetna Ins. Co., 169 Neb. 94, 98 N. W. 2d 692 (1959). It cannot ordinarily serve to " 'import an intent into legislation devoid of language fit to express it.' " Folsum, op. cit. 15.

L.B. 125 and L.B. 195 prevent resort to a secondary source. L.B. 195 excluded from the exemption goods owned and stored by a warehouseman. L.B. 125 in deleting the exclusionary language opened the exemption to such goods. It did not, however, rule out the requirements in the first part of the bill. Norden failed to make available and use its facilities for public storage for compensation, and it therefore did not gain an exemption.

Norden argues that our interpretation violates state constitutional provisions for uniformity and against special privileges, Art. III, § 18, and Art. VIII, § 1, Constitution of Nebraska. Specific constitutional authority for a free port exemption is found in Article VIII, section 2A, Constitution of Nebraska. Interpreting the provisions together, we conclude that the free port laws were not violative of the state Constitution in the respects that Norden argues. See Rehkopf v. Board of Equalization, 180 Neb. 90, 141 N. W. 2d 462 (1966).

Norden asserts that the free port laws with our interpretation violate the federal constitutional guarantee of equal protection of the laws. It argues that we are upholding an unreasonable under-classification.

A reasonable classification under the federal guarantee is one that includes all persons in a similar situation with respect to the purpose of the law. See Tussman and tenBroek, "The Equal Protection of the Laws," 37 Cal. L. Rev. 341 at 346 (1949). The free port laws do not trench upon the federal guarantee.

The judgment is reversed and the cause remanded with directions to affirm the action taken by the county board of equalization.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

It seems to me that both the purpose and effect of L.B. 125, Laws 1965, c. 484, p. 1562, was to exclude warehouses licensed after January 1, 1961, from the requirement that the facilities be offered and available for use by the public generally. I would affirm the judgment of the district court.

McCOWN, J., joins in this dissent.