HAROLD PETTIGREW, APPELLANT, V. THE HOME INSURANCE CO., A CORPORATION, ET AL., APPELLEES.
214 N. W. 2d 920

Filed February 14, 1974. No. 39155.

Nelson, Harding, Marchetti, Leonard & Tate and Kenneth Cobb, for appellant.

James M. Bausch of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and ZEILINGER, District Judge.

SPENCER, J.

Plaintiff, who was employed by M. W. Anderson Construction Company, suffered severe injuries in the course of his employment, for which he received compensation pursuant to the Nebraska Workmen's Compensation Act. This action is against the workmen's compensation carrier of employer, The Home Insurance Company, seeking recovery for those same injuries. The employer was joined solely because of subrogation rights. Plaintiff predicates his action on the theory that defendant negligently performed its agreement with his employer to provide safety engineering inspections. The trial court sustained a demurrer to the petition. We affirm.

Plaintiff's specific allegations of negligence are substantially that defendant: (1) Failed to use reasonable care in the inspection of the premises and equipment used in construction on the job site; (2) failed to require use of a safety hook on the hydrocrane; and (3) failed to provide periodic inspections of the equipment used on the job site.

For the purposes of this appeal all the allegations of fact contained in the petition stand admitted by the demurrer. We must therefore accept as fact the allegation that defendant did provide safety engineering for the benefit of the employees and did advise the employer in safety practices.

The sole issue involved herein is the construction and applicability of section 48-111, R. R. S. 1943, which reads as follows: "Such agreement or the election provided for in section 48-112 shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in sections 48-109 to 48-147, and an acceptance of all the provisions of said sections, and shall bind the employee himself, and for compensation for his death shall bind his legal representatives, his widow and next of kin, as well as the employer, and the legal representa-

tives of a deceased employer, and those conducting the business of the employer during bankruptcy or insolvency. For the purpose of this section, if the employer carries a policy of workmen's compensation insurance, the term employer shall also include the insurer."

Plaintiff argues that defendant is liable both in tort and in contract. He asserts that where an insurer undertakes to provide safety inspection services for an employer, a duty devolves upon the insurer to perform those services in a non-negligent manner and failure to do so renders the insurer liable for damages to anyone injured by the insurer's negligence. He then argues that where an employer contracts with a workmen's compensation insurance carrier to provide safety inspection services for the benefit of its employees, the negligent performance of the services by the insurer constitutes a breach of contract for which an injured employee may recover damages as third-party beneficiary of the contract.

Third-party litigation under workmen's compensation has been fast developing in recent years. Defendant contends it is immune from liability herein by virtue of section 48-111, R. R. S. 1943. The weight of authority from other jurisdictions supports defendant's position. Plaintiff urges our consideration of the leading cases to the contrary. Color-matching cases would serve no useful purpose herein where our problem is one of statutory construction and our statute is not identical to those involved in other jurisdictions.

Legislative intent is the cardinal rule in the construction of statutes. Hubbell Bank v. Bryan (1932), 124 Neb. 51, 245 N. W. 20.

" 'In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary

and popular sense, should be taken into account, in order to determine the legislative will.'" Pierce Co. v. Century Indemnity Co. (1939), 136 Neb. 78, 285 N. W. 91.

We have said on several occasions in construing a statute to determine legislative intent, the courts may consider the history of its passage. School Dist. of Omaha v. State Board of Education (1971), 187 Neb. 76, 187 N. W. 2d 592.

The sentence "For the purpose of this section, if the employer carries a policy of workmen's compensation insurance, the term employer shall also include the insurer" came into our law in 1965, undoubtedly because in 1964 the Illinois Supreme Court held the compensation carrier did not share the employer's immunity and sustained a sizeable judgment for an employee. The principal backer of the amendment so testified before the legislative committee considering the bill, without identifying the state where the case arose. He specifically stated his bill was intended to eliminate the possibility of double collection from the carrier. Page 6, Hearing on L.B. 518, before the Labor Committtee of the Nebraska State Legislature, March 10, 1965.

It is evident to us that the legislative intent in adopting the language quoted was to place the insurer in the same situation as the employer and to eliminate actions of this type.

Text writers who have considered the Nebraska statute have so construed it, as illustrated by the following: "* * * the emphasis is on trying to extract from the language of the act any clues on whether the carrier was meant to be assimilated to the employer, or in any other way excluded from the third-party category.

"For the sake of completeness, we may begin with statutes that virtually dispose of the issue by express language. Among these statutes, some of which, as we have seen, were deliberately enacted to reverse or confirm judicial holdings, are those of * * * Nebraska * * *."

2 Larson, Workmen's Compensation Law, § 72.90, p. 226.40.

Plaintiff argues: "The term 'employer' is used three times in Section 48-111, R. R. S. 1943, and in those places where it is used the employer is given no additional protection by the statute. Instead it is simply said that the employer, representatives of deceased employers, and those persons conducting the employer's business in bankruptcy are bound by the workmen's compensation agreement, and by statutory word substitution the insurer is also bound. The statute at that point only places an obligation upon the employer. It gives no additional rights, privileges or immunities to the employer which may be extended to the workmen's compensation carrier. If the insurer would otherwise be liable at common law in an action for negligence, there is nothing in the statute which prevents this liability from attaching. Yet it was solely upon this statute that the lower court rested its decision.

"The language which the lower court relied on simply makes clear that the insurer will be bound by the terms of the agreement between the employer and its employees. It authorizes an employee's action directly against the insurer and will not permit the insurer to assert its policy defenses against the employee. There is nothing in the language of the statute conferring upon the workmen's compensation carrier the windfall of being relieved of the consequences of its own negligence."

It is to be noted that section 48-111, R. R. S. 1943, exclusive of the last sentence added in 1965, is one sentence. We mention this because plaintiff contends that in order to interpret section 48-111, R. R. S. 1943, as conferring immunity on the workmen's compensation carrier, the term "insurer" must be read into the term "parties," and for the court to do this would amount to judicial expansion of the statute.

In interpreting the meaning of a statutory provision

the whole provision should be read in order to arrive at a conclusion as to its proper meaning.  Section 48-111, R. R. S. 1943, should not be dissected so as to frustrate its obvious intent.  As we read the section, it compels the conclusion that the employer and the employees are parties who are bound by the election.  These parties gain certain benefits and incur certain obligations as the result of this provision.  As a result of the last sentence supplied by the amendment in 1965, the term "employer" includes the term "insurer" for the purposes of the whole section.  In this sense, the insurer is one of the parties.

In view of the legislative history and the clear and concise wording of the last sentence of section 48-111, R. R. S. 1943, plaintiff has no cause of action against the insurer.  Plaintiff has elected to take under the statute.  He has done so with the insurer paying the compensation benefits.  He may not now change his course and recover in either tort or contract.

For the reasons stated the judgment is affirmed.

AFFIRMED.