LEO L. BROWN, APPELLANT, V. JOHN L. SULLIVAN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

240 N. W. 2d 51

Filed April 1, 1976. No. 40352.

Kirby, Duggan & McConnell, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and KORTUM, District Judge.

NEWTON, J.

The driver's license of appellant was suspended under the point system and he appeals. We affirm the judgment of the District Court.

On April 23, 1974, appellant was convicted of operating a motor vehicle without a valid operator's license in his possession and was charged with two points under the point system as provided in section 39-669.26, R. S. Supp., 1974. Subsequently he was assessed 5 more points on two speeding charges which made a 2-year total of 13 points, one over the 12-point limit. His license was suspended June 10, 1975.

Section 39-669.26, R. S. Supp., 1974, was amended effective August 24, 1975. As amended, the section now exempts one convicted of operating a motor vehicle without a valid operator's license in his possession from the assessment of points. Appellant contends that the

1975 statutory amendment is retroactive and that the two points mentioned cannot be considered. The amended section, as found in Laws 1975, L.B. 381, section 4, does not provide for retroactive operation.

"Legislative intent is the cardinal rule in the construction of statutes." Pettigrew v. Home Ins. Co., 191 Neb. 312, 214 N. W. 2d 920.

"A legislative act will operate only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed." School Dist. of Omaha v. Adams, 151 Neb. 741, 39 N. W. 2d 550. See, also, Housand v. Sigler, 186 Neb. 414, 183 N. W. 2d 493. There is no indication of legislative intent to make the amended section of the statute retrospective and we conclude that it was only intended to act prospectively.

The ruling in State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, that an amendatory act changing a penalty which becomes effective before final judgment in a criminal case shall govern the sentence is not applicable. The revocation of a license to operate a motor vehicle is not a penalty.

The judgment of the District Court is affirmed.

AFFIRMED.