EQUAL OPPORTUNITY COMMISSION OF THE STATE OF NEBRASKA, APPELLANT, V. WEYERHAEUSER COMPANY, A CORPORATION, APPELLEE.

251 N. W. 2d 730

Filed March 23, 1977.   No. 40856.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellant.

Nelson, Harding, Marchetti, Leonard & Tate and Roger J. Miller, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

The question in this case is whether section 48-1008, R. R. S. 1943, a part of the Act Prohibiting Unjust Discrimination in Employment Because of Age, limits the right of the Equal Opportunity Commission to bring suit on behalf of the aggrieved employee to a 30-day period following filing of the complaint by the employee, or whether the elapse of the 30-day period is simply a condition precedent to the right of the aggrieved employee to bring an action on his own behalf. The District Court for Douglas County held that the commission's action in this case was barred by a 30-day statute of limitation, sustained the defendant employer's demurrer to the petition of the commission, and dismissed the action. The commission appeals to this court. We reverse and remand because we are convinced that the controverted provision of section 48-1008, R. R. S. 1943, is not a statute of limitation.

Stella A. Hasiak, on January 8, 1975, filed a complaint against her employer, the Weyerhaeuser Company, charging that she had been discharged from her employment because of her age. This action on her behalf by the commission was not filed until February 13, 1976.

The act prohibits employment discrimination on account of age and applies only to employees "at least forty years of age but less than sixty-five." § 48-1003, R. R. S. 1943. Section 48-1008, R. R. S. 1943, is as follows: "Any person aggrieved by a suspected violation of the provisions of sections 48-1001 to 48-1009 shall file with the Equal Opportunity Commission a formal complaint in such manner and form prescribed by the commission. The commission shall have a period of thirty days to make an investigation and initiate an action to enforce the rights of such employee under the provisions of sections 48-1001 to 48-1009. If the commission does not initiate such action within the thirty-day period, the person

aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of sections 48-1001 to 48-1009.'' Section 48-1007, R. R. S. 1943, defines in four categories the powers of the commission and these include: ''(3) to make investigations . . . and (4) to bring civil action in its name in any court of competent jurisdiction against any person deemed to be violating . . . to compel compliance with the provisions of . . . [the act] or to enjoin any such person from continuing any practice that is deemed to be in violation of . . . .'' Section 48-1009, R. R. S. 1943, defines the type of relief to be granted in an action to enforce the provisions of the act, which we will say more about later.

The employer takes the position, adopted by the District Court, that the sentence which gave rise to the dispute, to wit, ''The commission shall have a period of thirty days to make an investigation and initiate an action to enforce the rights of such employee . . .,'' is perfectly clear, requires no interpretation, and is patently a 30-day statute of limitation. On the other hand, the commission argues essentially that the section, which includes the quoted sentence, speaks of the right of the employee, and the sentence in question must be read in the context of the whole act and its purposes, and especially in the light of the sentence which follows, to wit, ''If the commission does not initiate such action within the thirty-day period, the person aggrieved may bring civil action . . . ,'' and that when so read the statute simply means the commission has 30 days to act before the individual cause of action accrues. It does not necessarily follow, says the commission, that its right of action is thereafter barred. To this the employer responds that the legislative purpose was to prevent duplicative litigation by eliminating the cause of action common to the commission and the individual by allowing the individual cause to ripen af-

ter the passage of the 30 days. Each party points to legislative history which each claims supports its interpretation.

We find that the section in question is ambiguous and conclude that the Legislature did not intend by the 30-day provision to place a limitation on the commission's cause of action, but that the provision is as the commission contends, a condition precedent to the ripening of the individual cause of action.

The reasons for our conclusion are these. First: Such an interpretation is the more reasonable in the light of the purpose of the entire act. Its provisions make clear that the causes of actions which the act creates are designed to do more than provide a remedy for specific individual cases of discrimination. It is also designed to prevent discriminatory practices and to remedy discriminatory practices in which the individual employee may not have a direct interest. This is evidenced both by what the act makes illegal and by the varying legal remedies which it contemplates. Section 48-1004, R. R. S. 1943, makes unlawful several practices: For an employer (a) to refuse to hire, to discharge, or otherwise discriminate because of age; (b) to utilize an employment agency, placement service, labor organization, or school, etc., which discriminates because of age; (c) for a labor organization to use discriminatory classifications; and (d) for the employer or labor organization to discharge or discriminate because a person asserts his rights, or assists in the assertion of rights under the act.

The act contemplates varying kinds of relief. Section 48-1007, R. R. S. 1943, which defines the general powers of the commission, grants it authority "to bring civil action in its name . . . to compel compliance with the provisions of . . . [the act] or to enjoin any such person from continuing any practice . . . ." Section 48-1008, R. R. S. 1943, authorizes the aggrieved person, after the 30-day period, to "bring a

civil action . . . for such legal or equitable relief as will effectuate the purposes . . . ." Section 48-1009, R. R. S. 1943, defines the type of relief which the court may grant in any case, to wit, "such legal or equitable relief as the court may deem appropriate . . . including judgments compelling employment, reinstatement, or promotion, or enforcing liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation."

It is surely clear that a discharged employee will be primarily interested in the restoration of his employment and the recovery of lost wages. On the other hand, the commission, in order to carry out its mandate, will be more interested in other types of relief such as eliminating patterns of discrimination and future discrimination. A discharged employee would scarcely be primarily interested in enjoining the use of an employment agency or placement service which discriminates.

If the sentence of the statute which gives rise to the issue here is construed as a statute of limitation then the general purposes of the act are largely emasculated. Even the power of the commission to investigate a particular complaint would terminate after 30 days for there is no way the "limitation" can be construed to apply merely to "initiate an action" and not apply to "make an investigation."

It would be possible, of course, to construe the sentence, "The commission shall have a period of thirty days to make an investigation and initiate an action to enforce the rights of such employee . . . ," to be a statute of limitation applicable only to the commission's cause of action for those things personal to the aggrieved employee. But in the light of the whole act this does not appear to be what the Legislature intended. This would in fact lead to the duplicative actions which the employer says the statute is designed to avoid. The present cause is illustrative in that the commission prays for certain relief appli-

cable only to Stella A. Hasiak, as well as for other relief enabling it to perform its statutory function.

We willingly acknowledge that the construction of the statute which we adopt makes the sentence merely a prefatory statement to the section which follows. We recognize that the statute under consideration would mean the same even without the sentence which has given rise to the problem. However, we are convinced that what it is is simply a prefatory remark.

These are the principles of construction which we have applied. Where, because a statute is ambiguous, it is necessary to construe it, the principal objective is to determine the legislative intention. Matzke v. City of Seward, 193 Neb. 211, 226 N. W. 2d 340. The legislative intention is to be determined from the general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent deduced from the whole will prevail over that of a particular part considered separately. Matzke v. City of Seward, *supra.*

"The purpose of all rules or maxims as to the construction or interpretation of statutes is to discover the true intention of the law, and the rules or canons of construction are merely aids for ascertaining legislative intent. The rules of construction are neither ironclad nor inflexible, and must yield to manifestations of a contrary intent." 82 C. J. S., Statutes, § 311, p. 526. "All the rules should be considered when it is necessary to construe a statute, and no particular rule should be followed to the exclusion of all others . . . ." 82 C. J. S., Statutes, § 311, p. 528.

We hold that the provision in section 48-1008, R. R. S. 1943, stating that the commission shall have 30 days to make an investigation and initiate an action is not a statute of limitation, but that the 30-day period after the filing of a complaint is merely a

condition precedent to the ripening of the aggrieved employee's cause of action.

REVERSED AND REMANDED.