REQUESTED BY: Roy E. Gardner, Director, Department of Personnel.
Whether the inclusion of the Game and Parks Commission in the State Personnel System is the result of voluntary participation by the Commission or the statutory mandates of the State Personnel Act, sections 81-1301 to 81-1316, R.R.S. 1943?
The State Personnel Act, sections 81-1301 to 81-1316, R.R.S. 1943, applies to the Game and Parks Commission. Thus, the Commission's participation in the State Personnel System is not voluntary, but rather it is required by the provisions of that act.
The state agencies and departments included in the State Personnel Act, sections 81-1301 to 81-1316, R.R.S. 1943 (hereinafter referred to as the act) are not specifically enumerated therein.
Section 81-1316, R.R.S. 1943, exempts five classes of employees from the provisions of the act. Employees of the Game and Parks Commission are not among those exempted by section 81-1316.
Section 81-1314(3), R.R.S. 1943, indicates that employees may also be exempted from coverage of the act by operation of provisions of the Nebraska Constitution. Seealso, Attorney General's Opinions, No. 186, 1974 and No. 74, 1973. Since the Game and Parks Commission is not a constitutional agency or department, this exemption is also inapplicable.
A fundamental principle of statutory construction is to ascertain the legislative intent and to give it effect.Wang v. Board of Education, 199 Neb. 564, 567,260 N.W.2d 475 (1977). In attempting to effectuate the intent of the Legislature, the reasons for enactment of a statute and the purposes of an act serve as guidelines. Id.; State v.Jennings, 195 Neb. 434, 238 N.W.2d 477 (1976). In construing a legislative act, the history of its passage may be considered. Wang, supra; School District of Omaha v. StateBoard of Education, 187 Neb. 76, 79, 187 N.W.2d 592 (1971).
The minutes of the committee hearing on LB 815, held on March 22, 1967, indicate that the legislative intent of the act was to establish a stabilized, uniform personal system encompassing as many state employees as possible. The purposes of the act, articulated in section 81-1301, R.R.S. 1943, also reveal the necessity of including all possible state employees under the personnel system.
Section 22 of LB 815, as it was introduced to the committee, contained a list of state departments and agencies to be included in the act. The Game, Forestation and Parks Commission was included in that list. Despite final passage of the act without a list enumerating the departments and agencies encompassed therein, we believe the specific inclusion of the Game and Parks Commission in the bill as introduced to the committee strongly evidences the intention of the Legislature that said commission is covered by the provisions of the act.
We have considered section 81-809, R.R.S. 1943, which describes the authority of the Game and Parks Commission regarding its employees.
In our opinion, section 81-809 may be harmonized with the provisions of the act.
Based on the legislative history, the object sought to be accomplished by the act and the inapplicability of the enumerated exemptions, it is our opinion that the Game and Parks Commission is required by the provisions of the act to be included in the State Personnel System.