REQUESTED BY: David O. Coolidge, Director-State Engineer, Nebraska Department of Roads, P.O. Box 94759, Lincoln, Nebraska, 68509.
May a rubber tired crane which exceeds either 40 feet in length, 14 feet six inches in height, or eight feet in width travel on a State highway outside the corporate limits of a city, without a special permit issued by the Nebraska Department of Roads?
No.
Neb.Rev.Stat. § 39-6,177 (Supp. 1980) restricts the width of vehicles traveling upon State highways. Neb.Rev.Stat. § 39-6,178 (Supp. 1980) restricts the height of vehicles traveling upon State highways. Neb.Rev.Stat. 39-6, 179 (Supp. 1980) restricts the length of vehicles traveling upon State highways. The exceptions involving rubber tired cranes to the width, height and length restrictions of the Nebraska statutes were created by legislative bill number 284 of the Eighty-Sixth Nebraska Legislature Second Session. That bill used the same language to except rubber tired cranes from the laws restricting the width, height and length of vehicles traveling on Nebraska highways, and therefore, an examination of the exception relating to width also has application to the question relating to length and height.
Neb.Rev.Stat. § 39-6,177 (Supp. 1980) provides in pertinent part:
 No vehicle shall exceed a total outside width, including any load thereon, of eight feet except that such prohibition shall not apply to . . . (8) a rubber tired crane with a fixed load when (a) such vehicle will be transported on a state highway, excluding any portion of the National System of Interstate and Defense Highways, on a city street, or on a road within the corporate limits of a city, (b) the city in which the crane is intended to be transported has authorized a one-day permit for the transportation of the crane, specifying the route to be used and the hours during which the crane can be transported, except that no permit shall be issued by a city for travel on a state highway containing a bridge or structure which is structurally inadequate to carry the crane as determined by the Department of Roads, (c) such vehicle will be escorted by another vehicle or vehicles assigned by the city, (d) such vehicle's gross weight does not exceed eighty-five thousand pounds, if a four-axle crane, or sixty-seven thousand pounds, if a three-axle crane, and (e) if a four-axle crane, the maximum weight on each set of tandem axles does not exceed forty-two thousand five hundred pounds, or if a three-axle crane, the maximum weight on the front axle does not exceed twenty-five thousand pounds and the total maximum weight on the rear tandem axles does not exceed forty-two thousand five hundred pounds, . . .
By the plain terms of the statute, a rubber tired crane exceeding eight feet in width may travel on State highways without special permit only if all the conditions of paragraph (8) of section 39-6,177 are complied with. Subparagraphs (8)(b) and (8)(c) of section 39-6,177 require that city authorities issue a one-day permit and assign an escort vehicle to accompany the crane. It is obvious from the inclusion of these two conditions that the exception set out in paragraph (8) of section 39-6,177 applies only to roads within the corporate limits of a city. A broader reading of the exception could produce only an absurd result. If the exception was interpreted to apply to all state highways rather than to highways within city limits, then cities could issue permits for State-wide travel and assign escort vehicles to accompany the cranes during such travel. A city's lack of concern with State-wide or even extra city movement of cranes, as well as a city's very probable inability to provide escort vehicles for such travel, is apparent and clearly make such a reading absurd.
It is stated in Wang v. Board of Education, 199 Neb. 564,260 N.W.2d 339: `A court should avoid a statutory construction which leads to absurd, unjust or unconscionable results.'
Rubber tired cranes exceeding either 40 feet in length, 14 feet six inches in height, or eight feet in width may travel on State highways outside the corporate limits of a city, only if issued a special permit by either the Nebraska Department of Roads or the Nebraska State Patrol.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General Approved:Paul L. Douglas
Attorney General