REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have asked whether the exemption of persons 65 years of age or over from the mandatory continuing education requirements of LB 225 violates constitutional provisions relating to due process, equal protection or the granting of a special privilege. We have concluded that it does as discussed below.
The general rule in LB 225 is that to renew a license as an embalmer or funeral director the licensee must submit proof of satisfactorily completing 16 hours of approved continuing education courses within the two-year period preceding the license renewal date. The purpose is to `maintain and improve' the quality of the services of embalmers and funeral directors to the public.
There are five exemptions to that rule, including persons 65 years of age and over. The others are for persons not practicing in Nebraska at any time within the preceding two-year period, for persons suffering from a serious or disabling illness or physical disability which prevented him or her from completing the continuing education requirement, for persons serving in the regular armed forces of the United States during any part of the immediately preceding two-year period, and any person receiving an initial license in Nebraska after the first day of February of the second year of the biennium.
For each exemption to be constitutionally valid, it must meet several tests. The class must have some reasonable distinction from other subjects of a like general character which distinction bears some reasonable relation to the legitimate object and purpose of the legislation.Grossman v. State Employees Retirement System, 177 Neb. 326
(1964). The class must suggest such a difference in situation or circumstances as to disclose the necessity or propriety of different legislation in respect to them.Galloway v. Wolfe, 117 Neb. 824 (1929). The class must rest on some reason of public policy. Wittler v.Baumgartner, 180 Neb. 446 (1966). A reasonable classification under the federal equal protection guarantee is one that includes all persons in a similar situation with respect to the purpose of the law. Norden Laboratories, Inc.v. County Board of Equalization, 189 Neb. 437 (1973). To forbid an individual the right of property in such manner as should be permitted for the community at large would be to deny them of liberty. Low v. Rees Printing Co., 41 Neb. 127
(1894). Thus those covered by the general rule in LB 225 have constitutional rights to expect that no one else will be exempted from the rule unless the above tests are met.
None of the exemptions in LB 225 bear any reasonable relation to the object of LB 225 unless it is the exemption for those receiving an initial license shortly before all licenses must be renewed. Such a person is apt to be recently out of school and less in need of a refresher course. The fact that one has not practiced in Nebraska the preceding two years will not protect the public here if such person decides to move to Nebraska during the next two years. The same is true of one serving in the army for any part of the preceding two years. However, the public policy in support of the armed forces and the likelihood that such service will be outside the state may form a reasonable basis for treating that class differently. One too ill to attend classes may not otherwise be able even to maintain the quality of his or her services, let alone improve them. One 65 or over and not suffering from such illness should be able not only to maintain but to improve the quality of his or her services by continuing education as much as a younger person could.
We have concluded that the exemption for persons 65 years and older is probably unconstitutional. Since the bill contains no savings clause and it is not clear that LB 225 would have been passed by the Legislature without that exemption (or without any of the others that are questioned above), the whole bill is subject to constitutional attack.
Sincerely yours, PAUL L. DOUGLAS Attorney General Marilyn B. Hutchinson Assistant Attorney General