REQUESTED BY: Senator John W. DeCamp State Capitol Room 1116 Lincoln, NE 68509
Dear Senator DeCamp:
You have requested our opinion concerning whether the provisions of the Public Meetings Law, Neb.Rev.Stat. § 84-1408 t 84-1414 (Reissue 1981 and Supp. 1984), are applicable to the Legislature.
As you state in your letter, the original version of the Public Meetings Law provided an express exclusion from its application to both the Legislature and its committees. Neb.Rev.Stat. § 84-1401 (Reissue 1971) (Repealed 1975). The original public meetings statutes were repealed in 1975, with the passage of LB 325. The definition of "public body" in the current version of § 84-1409(1) does not contain any express exclusion for the Legislature.
In an opinion issued by our office following the passage of LB 325 in 1975, we concluded the provisions of the Public Meetings Law were applicable to the Legislature and its committees. Report of Attorney General 1975-76, Opinion No. 118, August 29, 1975, p. 157. Upon reconsideration, we believe the conclusion reached in our earlier opinion was incorrect.
Neb.Rev.Stat. § 84-1408 (Reissue 1981) provides, in part:
 Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies, except as otherwise provided by the Constitution of the State of Nebraska, federal statutes, and sections 79-327, 84-1408 to 84-1414, and 85-104. (Emphasis added).
Article III, Section 11 of the Nebraska Constitution provides, in pertinent part, that:
 The doors of the Legislature and of the Committees of the Whole, shall be open, unless when the business shall be such as ought to be kept secret.
Our earlier opinion concluded the Nebraska Constitution did not contain any provisions contrary to or in conflict with the Public Meetings Law, and, therefore, the Constitution did not provide "otherwise" to except the Legislature from the application of the statutory public meetings requirements. Upon reflection, however, we believe the phrase "except as otherwise provided by the Constitution of the State of Nebraska" in § 84-1408 is ambiguous, and susceptible to a different interpretation. In particular, it is possible the Legislature intended this phrase to mean that, as the Nebraska Constitution did provide a requirement of open access to meetings of the Legislature, the provisions of the Public Meetings Law were therefore not intended to apply to the Legislature.
"When the language used in a statute is ambiguous and must be construed, recourse should be had to the legislative history for the purpose of discovering the intent of the lawmakers." North Star Lodge #227 v. City of Lincoln,212 Neb. 236, 240, 322 N.W.2d 419, 422 (1982). In Norden Laboratories, Inc. v. County Board of Equalization, 189 Neb. 437,439, 203 N.W.2d 152, 154 (1973), the Nebraska Supreme Court stated: "In the Legislature the record of a floor explanation or debate is legislative history, and it may be an extrinsic, secondary source in statutory interpretation."
A review of the legislative history surrounding the passage of LB 325 in 1975 discloses a legislative intent to exclude the Legislature from the application of the Public Meetings Law. During the floor debate on LB 325, the specific question of the applicability of the bill to the Legislature was addressed by the bill's introducer, Senator Gary Anderson, who stated:
. . . [t]here is a specific recognition of the Legislature's right to open or close its meetings in the Constitution. . . . [I]n the opening section 1 of the act, it recognizes the Constitution and the Constitution prevails in this case. This particular act does not apply to the Legislature because the Constitution overrides. . . . LB 325 (1975), Transcript of Floor Debate, May 14, 1975, p. 4611.
This statement by the introducer of LB 325 clearly indicates that, based on the constitutional provision for public access to meetings of the Legislature, the Legislature intended to phrase "except as otherwise provided by the Constitution" to render the provisions of the Public Meetings Law inapplicable to the Legislature.
Based on the foregoing, it is our opinion that the Legislature is not subject to the requirements of the Public Meetings Law.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General