REQUESTED BY: Gregg F. Wright, M.D., M.Ed., Director of Health, Department of Health, Lincoln, Nebraska
QUESTION 1: What is the maximum level of care in an ICF III?
QUESTION 2: What supervision is required of an LPN serving as the Health Service Supervisor of an ICF III?
QUESTION 3: Can the Director of Nursing in an ICF I and ICF II or the Health Service Supervisor of an ICF III count toward minimum staffing requirements?
CONCLUSION 1: All nursing services within the scope of practice of nurses on duty when such services are needed except skilled nursing services or skilled rehabilitative services.
CONCLUSION 2: Supervision by a nursing home administrator who is also a licensed physician, dentist, osteopath, podiatrist or registered nurse.
CONCLUSION 3: No, not the statutory minimum staff requirements, but, beyond that, they can assist in providing the care required by residents to the extent their administrative duties will allow. All three questions relate to the meaning of subsections of Neb.Rev.Stat. § 71-2017.01
(Supp. 1985), which changed two levels of intermediate care to three and specified minimum staff and supervision required in each of them. The intent of the amendment was to allow greater flexibility within the various ICF levels, not less. See, Legislative History of Laws 1985, LB 253 at 2283 (3-27-85).
In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary and popular sense should be taken into account, in order to determine the legislative will. Pettigrew v. Home Insurance Co., 191 Neb. 312,314, 214 N.W.2d 920 (1974). Statutes in pari materia must be construed together so as to give effect to all, if possible. Lennox v. Housing Authority of the City of Omaha,137 Neb. 582, 290 N.W. 451 (1940). A sensible construction will be placed upon a statute to effectuate the object of legislation, rather than a literal meaning that would have the effect of defeating the legislative intent. Hill v. City of Lincoln, 213 Neb. 517, 330 N.W.2d 471 (1983).
With those principles in mind, we look to the language of Neb.Rev.Stat. § 71-2017.01 and related statutes.
Services to Be Provided to Whom
"Care" includes providing food, shelter and health-related services. Neb.Rev.Stat. § 71-2017.01(1).
A residential care facility is to provide "accommodation, board, and care" such as personal assistance to persons who "do not require the daily services of a licensed registered or practical nurse." Neb.Rev.Stat. §71-2017.01(14). With proper staffing it can, as a convenience, administer to or assist a resident in taking routine oral and external medications prescribed for the resident by a licensed physician and dispensed by a licensed pharmacist. Neb.Rev.Stat. § 71-2017.02 (Supp. 1984).
An intermediate care facility three (ICF III) is to provide "accommodation, board, and nursing care" to persons "not in need of hospital care" but who "need care and need assistance in taking their medication." (Emphasis added.) Neb.Rev.Stat. § 71-2017.01(13). Both an intermediate care facility two (ICF II) and an intermediate care facility one (ICF I) are to provide "accommodation and board . . . and also nursing care and related medical services" to persons "not in need of hospital care" who "require such nursing care."
Neb.Rev.Stat. § 71-2017.01(11) and (12).
"Nursing care" is not defined in § 71-2017.01, but the "practice of nursing" is defined in Neb.Rev.Stat. § 71-1,132.05(3) (Reissue 1981). It includes the execution of diagnostic or therapeutic regimens of duly licensed practitioners authorized to so order such regimens. This includes the administration of drugs prescribed by such practitioners. See, e.g., Neb.Rev.Stat. §71-1,142(2), (12) and (13) (Supp. 1984) and §28-401(1) and (12) (Supp. 1985).
The practice of nursing requires a license in this state, except as provided in Neb.Rev.Stat. §71-1,132.06 (Reissue 1981). Those exceptions include "[a]uxiliary services provided by persons carrying out duties necessary for the support of nursing service under the direction of a licensed physician, dentist, osteopath, podiatrist, or a nurse licensed under the provisions of this act." (Emphasis added.) Neb.Rev.Stat. §71-1,132.06(3) (Reissue 1981). A licensed practical nurse is licensed under such act, but the practice of nursing by such a nurse "shall mean the assumption of responsibilities and the performing of acts, within the educational background of the practical nurse, under the direction of a licensed physician, dentist, osteopath, podiatrist, or registered nurse." (Emphasis added.) Neb.Rev.Stat. § 71-1,132.04(5) (Reissue 1981).
A "nurse's aide" is "any person other than a licensed registered or practical nurse, employed by a nursing home for the purpose of aiding a registered or licensed practical nurse through the performance of nonspecialized tasks related to the personal care and comfort of resident." (Emphasis added.) Neb.Rev.Stat. § 71-6014 (Supp. 1984). A "care staff member" is a nurse's aide who has been approved by the nursing home administrator and the department to administer oral medication." Neb.Rev.Stat. §71-6009 (Supp. 1984). Such person may also administer external medication. Neb.Rev.Stat. § 71-6038(2) (Supp. 1984).
We have concluded that the nursing care that may be provided in an ICF III is the same as that which may be provided in an ICF I or an ICF II. That is, all nursing services within the scope of practice of persons on duty when such care is needed except skilled nursing services or skilled rehabilitative services. See, Attorney General Opinion #109 (7-3-85). We infer from the definitions in § 71-2017.01(1) and (14) that persons in a level of care above a residential care center, including any ICF, need such nursing care on a daily basis.
We have concluded an ICF III cannot provide all the "related medical services" that an ICF I and an ICF II may provide, only assistance with medications. As a medical service, such assistance includes the administration of medications when directed by a licensed medical practitioner. If medications could not be administered in an ICF III, we would have a situation where facilities providing a lower level of care, such as residential care facilities, could have medications administered to their residents if they had nursing staff to do it, but an ICF III, which has a nursing staff on a daily basis, could not.
Supervision
In Attorney General Opinion #109, cited above, we referred to 42 CFR § 442.339 in our discussion of the distinction between skilled nursing services and other nursing services. That federal regulation specifies the supervision of health services required if an ICF is to qualify for participation in the Medicare and Medicaid programs. It requires an ICF to have a registered nurse or a licensed practical nurse to supervise its health services full time, seven days a week, on the day shift. If the ICF employs a licensed practical nurse to supervise health services, the ICF must have a formal contract with a registered nurse to consult with the licensed practical nurse at regular intervals, but not less than four hours each week. That can be a requirement for licensure of an ICF in this state only insofar as it is not inconsistent with our state laws.
Nebraska laws require all ICFs to be operated under the supervision of a duly licensed administrator. Neb.Rev.Stat. § 71-2045.04 (Reissue 1981) and Neb.Rev.Stat. § 71-2017.03 (Supp. 1985). Each administrator shall be full time. Neb.Rev.Stat. § 71-2041.01(2) (Reissue 1981).
Nebraska laws require an ICF I and an ICF II to have a registered nurse as the Director of Nursing Services. Neb.Rev.Stat. § 71-2017.01(11) and (12). In an ICF III, the Health Services Supervisor may be a licensed practical nurse. Id. at (13). Whether the Health Services Supervisor in a particular facility may be a LPN will depend on whether there is a licensed physician, dentist, osteopath, podiatrist, or registered nurse under whose direction such LPN will be supervising the health services of the facility. Neb.Rev.Stat. § 71-1,132.04(5).
"Direction" is not defined in that statute so we looked to the dictionary for its usual and ordinary meaning. The most apt meanings in The American Heritage Dictionary of the English Language, 1969, 1970, 1971, are: 2. Management, supervision, or guidance of some action or operation.
. . . . 6. An order or command; authoritative indication. "Supervision" is defined in that dictionary as "To direct and inspect the performance of (workers or work); oversee; superintend." (Emphasis added.)
We have concluded that the person under whose direction the licensed practical nurse is practicing must be above such LPN in the line of authority within the facility. Otherwise such person will not be managing the health services and will not be able to issue authoritative orders to the LPN to direct the LPN's performance as Health Services Supervisor. In short, such person must be the administrator of the facility.
Minimum Staff Required to Provide Such care
To provide nursing care and assistance in taking medications to residents, an ICF III must have "at least one licensed practical nurse on the day shift seven days per week." It must also have a care staff member on duty seven days per week 24 hours per day.
To provide nursing care and related medical services to residents needing such nursing care, an ICF II must have at least one licensed registered nurse or licensed practical nurse on duty at least on the day shift seven days per week and a licensed registered nurse, licensed practical nurse or care staff member on duty seven days per week twenty-four hours per day.
To provide nursing care and related medical services to residents needing such nursing care, an ICF I must provide at least one licensed registered nurse on duty on the day shift seven days per week and a licensed registered nurse or licensed practical nurse on the other two shifts seven days per week. Those persons must be available to provide the nursing care and any related medical services permitted in such ICF facilities. Since a Director of Nursing or a Health Services Supervisor by definition will be spending at least part of his or her time on administration, it follows that such person will not be available at all times to provide nursing care and related medical services. In a larger facility, such a person may not be available at all for such care and services. It follows that the hours worked by the Director of Nursing in an ICF I or an ICF II and by the Health Services Supervisor in an ICF III can count toward minimum staffing requirements only to the extent they are not used for administration. Thus such persons alone can never fulfill the minimum shift requirement for a registered nurse or licensed practical nurse on duty. However, when staff beyond the minimum required for licensure is necessary to meet the needs of the residents of the facility, the Director of Nursing or the Health Services Supervisor may assist with such care to the extent of their time not used in administration.
Sincerely yours,
ROBERT M. SPIRE Attorney General
Marilyn B. Hutchinson Assistant Attorney General