## OPINION TO THE GOVERNOR.

MAY 19, 1961 AS OF MAY 18, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

May 18, 1961

To His Excellency, John A. Notte, Jr.
    Governor of the State of Rhode Island
        and Providence Plantations

We have received from Your Excellency a request for our written opinion in accordance with the provisions of section 2 of article XII of amendments to the state constitution on the following questions which relate to the authority of the general assembly to enact a bill now pending in the house of representatives entitled "An Act To Provide Additional Revenue For The State" and which is identified as H. 1549:

"1. May the state in accordance with sec. 2 of Article I of H. 1549, impose a tax on personal income from all sources of its residents and personal income of non-residents derived from sources in Rhode Island under the provisions of the Rhode Island Constitution?

"2. If the answer to question 1 is in the affirmative, may such a tax be imposed at graduated rates in relation to the amount of the taxpayer's income, as provided in such section?

"3. If the answers to questions 1 and 2 are in the affirmative, may the state impose a tax on such income earned or received during the calendar year in which the legislation imposing such tax is enacted, as provided in section 44 of Article I of H. 1549, notwithstanding that some or all of such income may have been earned or received prior to the effective date of such legislation?"

The power of the state to tax is plenary. The validity of tax legislation derives "from the inherent power of the State to impose taxes." *Manning* v. *Board of Tax Comm'rs,* 46 R. I. 400, 413. The state's power of taxation is not conferred; it inheres in the sovereignty. The fundamental nature of the taxing power is made clear by the statement of the Maryland court in *Oursler* v. *Tawes,* 178 Md. 471, at page 482: "* * * the power of taxation is inherent in a sovereign state, because the right to tax underlies its own Constitution, and is not granted by it. Stated differently, the right may be regulated and limited by constitutional mandates, but it exists without express authority in the fundamental law as a necessary attribute of sovereignty."

The imposition or levy of a tax is an exercise of the legislative power of the state and, in the absence of express constitutional restriction or limitation, the taxing power may be exercised in its entirety by the legislature. The principle is aptly stated in *State Tax Comm'n* v. *Gales,* 222 Md. 543, at page 549, as follows: "This, we believe, is in accord with the general rule long recognized in this State that the taxing power, to which the power of classification for tax purposes is incidental, is an inherent power of the State, exercisable by the General Assembly within such limits as may be imposed by the Constitution * * *."

This court has long recognized that the power to tax is legislative in character and that there is in our constitution no express provision interdicting an exercise thereof in its entirety by the legislature. In *Providence and Worcester R.R.* v. *Wright,* 2 R. I. 459, this court said at page 464 that the general assembly "has the entire control over the subject of taxation, to say what shall be taxed, and how much and what shall be exempt." In the much more recent case of *Edwards* v. *Cardarelli,* 65 R. I. 236, this court said at page 240: "Taxation is a subject on which each state has, and is entitled to have, its own views of justice and policy, and where such views are carried out by legislation, the court is bound to give to this legislation its proper effect. It is for the legislature to say what shall be taxed." The basic concept has been stated by the Supreme Judicial Court of Maine with concise lucidity in *Greaves* v. *Houlton Water Co.,* 143 Me. 207. At page 211 the Maine court said: "Taxation is legislative. What money shall be raised by taxation, what property shall be taxed, what exempted, rests exclusively with the Legislature to say, without any limitations, except such as are imposed by express constitutional provision."

The proposed tax contemplated by the provisions of sec. 2 of art. I of H.1549 would be imposed upon the personal income from all sources of the residents of this state and

upon income derived from sources within this state in the case of nonresidents thereof. We are not persuaded that the imposition of an income tax is beyond the taxing power of the legislature under our constitution. It is clear that in the absence of express constitutional limitations or prohibition the taxing power is plenary. We have made an exhaustive examination of the provisions of our constitution without finding therein any such provision which in its terms expressly prohibits or limits the power to tax personal income. Nor have we found therein any provision which, with respect to the taxing power, so defines property in relation to that power that it would by its terms require this court to find that the broad power of the legislature to tax was limited by necessary implication.

In *Manning* v. *Board of Tax Comm'rs, supra,* this court at page 411 held that the right to inherit was "a proper subject for taxation within the broad power of the State in that regard." We are unable to perceive that there is any real distinction between property that may be taken by way of inheritance and that which may be taken by way of income, either earned or unearned. In *First National Bank* v. *Harvey,* 111 Vt. 281, at page 292, the Vermont court declared it to be a well-settled principle of law that "the taxing power of the State extends to all persons and property within its jurisdiction * * *." In *Featherstone* v. *Norman,* 170 Ga. 370, at page 379, the Supreme Court of Georgia held that the taxation of income was clearly within the taxing power of the state and that its valid exercise by the legislature was in no way dependent upon a constitutional grant of authority. The Georgia court said: "The right to impose an income tax is an inherent right of the people. The grant of this power is not necessary to enable the legislature to exercise it." We are of the opinion that our constitution contains no provisions which limit the legislature in an exercise of its basic power to impose a tax on incomes and that the legislature would not act in excess of its taxing

power in enacting those provisions of the proposed legislation contained in sec. 2 of art. I thereof. We therefore answer the question numbered 1 in the affirmative.

In question 2 the thrust of the inquiry is to the imposition of an income tax at graduated rates in relation to the amount of the taxpayer's income. The question is couched in very general terms and does not direct the court's attention to any particular provisions of the constitution that might be violated if said sec. 2 of art. I of H.1549 were enacted. It is our well-settled rule that an act of the general assembly will be sustained as constitutional unless it is made to clearly appear that it is repugnant to some provision thereof, and the burden of so showing is on him who challenges the constitutionality of such legislation. In *Allen* v. *Bonded Municipal Corp.*, 62 R. I. 101, this court said at page 104: "A law relating to taxation cannot be held to be unconstitutional upon general or uncertain expressions, but only upon plain restrictions." That this court is extremely reluctant to consider challenges to the constitutionality of legislation where the particular provisions of the constitution claimed to be violated are not specifically designated requires no citation of authority.

However, without intending to abandon that position, we have considered the provisions of sec. 2 of art. I and are not persuaded as a result thereof that it is on its face violative of those constitutional restrictions usually invoked for challenging the validity of tax legislation.

With particular reference to the imposition of a graduated tax the legislature, if it enacted sec. 2, would not, it appears to us, be establishing an arbitrary or unreasonable classification for the purposes of taxation. Any classification of taxation is permissible which has reasonable relation to a legitimate end of governmental action. *Welch* v. *Henry*, 305 U. S. 134, 144. We think sufficient answer to such a potential objection to the validity of the section is to be found in the language of this court in *Manufacturers*

*Mutual Fire Ins. Co.* v. *Clarke,* 41 R. I. 277. This court said at page 281: "It is within the power of the legislature to classify persons and property for the purpose of taxation and to impose different burdens upon different classes; provided such classification is nor [sic] unreasonable nor arbitrary, but is based upon differences indicating 'a reasonable and just relation to the act in respect to which the classification is proposed.' The authority of the legislature in the exercise of its police power and its power of taxation to make classification of persons and property has frequently been considered in cases involving alleged violations of the Fourteenth Amendment to the Constitution of the United States. The growing tendency is apparent on the part of the State and Federal courts to hold that where a difference appears it need not be great nor conspicuous to warrant classification by the legislature." We therefore answer question numbered 2 in the affirmative.

In the third question we are asked whether the tax on incomes proposed in sec. 2 of H.1549, if enacted, would be violative of unspecified constitutional provisions because it proposes to impose the tax upon income earned or received during that portion of the calendar year of 1961 which antedates the enactment thereof. Section 44 of the proposed statute reads: "The first taxable year shall be the calendar year 1961 or the portion in 1961 of any fiscal year ending in 1961, provided for this first tax year that after computation of the tax due the state, a credit of 25% of the total tax due may be deducted from the amount paid."

Thus, under the provisions proposed in sec. 44 the statute would operate retrospectively with respect to that portion of the calendar year 1961 that would precede the effective date of the legislation if enacted in that year. It appears to be well settled that income tax legislation may be given a reasonable retrospective effect without violating the constitution. In *United States* v. *Hudson,* 299 U. S. 498, the court said at page 500: "As respects income tax statutes

it long has been the practice of Congress to make them retroactive for relatively short periods * * * or within so much of the calendar year as preceded the enactment; and repeated decisions of this Court have recognized this practice and sustained it as consistent with the due process of law clause of the Constitution." The state courts have similarly recognized the validity of giving state income tax legislation some reasonable retrospective operation. *United States Trust Co.* v. *Commissioner of Corporations and Taxation,* 299 Mass. 296; *First Federal Savings and Loan Ass'n* v. *Connelly,* 142 Conn. 483.

The United States Supreme Court said in *Welch* v. *Henry, supra,* that a statute imposing a tax is not necessarily unconstitutional because it makes the tax to be imposed retroactive. At page 150 the court said: "And we think that the 'recent transactions' to which this Court has declared a tax law may be retroactively applied, *Cooper* v. *United States,* 280 U. S. 409, 411, must be taken to include the receipt of income during the year of the legislative session preceding that of its enactment." It appears to us then that the authorities are in substantial agreement that income tax statutes may within reasonable limits be given retroactive operation. It is our opinion that those provisions of sec. 44 of the proposed act which provide for the retroactive application of the income tax proposed in sec. 2 thereof to income earned or received during that portion of the calendar year of 1961 that precedes the enactment during 1961 of H.1549 are not constitutionally objectionable. Therefore, construing the third question to be so limited, we answer it in the affirmative.

FRANCIS B. CONDON  
THOMAS H. ROBERTS  
THOMAS J. PAOLINO  
WILLIAM E. POWERS  
G. FREDERICK FROST