RETIRED CITY CIVILIAN EMPLOYEES CLUB OF THE CITY OF
OMAHA, A VOLUNTARY ASSOCIATION, ET AL., APPELLANTS, V.
THE CITY OF OMAHA EMPLOYEES RETIREMENT
SYSTEM ET AL., APPELLEES.

260 N. W. 2d 472

Filed December 7, 1977. No. 41110.

David A. Jacobson, Bernard E. Vinardi, Christine
Smith, and Gary R. Batenhorst, for appellants.

Herbert M. Fitle, Thomas J. Young, and Patrick
W. Kennison, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is a declaratory judgment action brought by
Retired City Civilian Employees Club of the City of
Omaha, and Catherine Thompson as plaintiffs,
against The City of Omaha Employees Retirement
System, its board of trustees, the City of Omaha, its
mayor, and the members of the city council of the
City of Omaha. It seeks to have section 7.24.129 of
the Omaha municipal code interpreted to apply ret-
roactively to surviving spouses of retired civilian
employees. The District Court sustained a demurrer

to plaintiffs' second amended petition and dismissed the action. We affirm.

On June 20, 1972, the city council of the City of Omaha passed ordinance No. 26389, amending Title 7, chapter 24 of the Omaha municipal code. This was done by section 15 of the amending ordinance, which is as follows:

"Section 15. That Title 7 of the Omaha Municipal Code be amended by adding thereto a new Section numbered 7.24.129, entitled 'WIDOW'S, WIDOWER'S, AND CHILDREN'S PENSIONS', reading as follows:

" '7.24.129 *Widow's, Widower's and Children's Pensions.* Upon the death of a member who has retired under the provisions of this Chapter, the surviving spouse to whom the member has been married for at least one year immediately prior to and at the date of death, shall be entitled to receive a monthly pension benefit in an amount equal to fifty per cent (50%) of the deceased member's monthly pension. Such monthly pension benefit shall continue until the death or remarriage of the surviving spouse, whichever event occurs first.

" 'If a member who has retired under the provisions of this Chapter, dies leaving no surviving spouse, or upon the subsequent death of the surviving spouse, or where the surviving spouse is not entitled to pension benefits under the provisions of this Section, said deceased member's natural or legally adopted child or children shall be entitled to receive a monthly pension benefit in an amount equal to fifty per cent (50%) of the deceased member's monthly pension until attainment of age 18 or marriage, whichever event occurs first. Such monthly pension benefit, in the case of more than one child, shall be apportioned equally among said children.

" 'If a member dies after attaining five (5) years of membership service credit, the surviving spouse to whom the member has been married for at least

one (1) year immediately prior to and at date of death, shall be entitled to receive a monthly pension benefit in an amount equal to fifty per cent (50%) of the deceased member's pension credits earned to date of death. Such monthly pension benefits shall continue until death or remarriage, whichever event occurs first.

" 'If a member dies after attaining five (5) years of membership service credit and leaves no surviving spouse, or upon the subsequent death of the surviving spouse, or where the surviving spouse is not entitled to benefits under the provisions of this Section, the deceased member's natural or legally adopted child or children shall be entitled to receive a monthly pension benefit until age 18 or marriage, whichever event occurs first, in an amount equal to fifty per cent (50%) of the deceased member's pension credits earned to date of death. Such monthly pension benefit, in the case of more than one child, shall be apportioned equally among said children.' "

Section 20 of the amending ordinance provided as follows: "This ordinance shall take effect and be in full force on and after July 1, 1972."

Prior to the passage of ordinance No. 26389 no pension benefits were available to widows, widowers, and children of retired civilian employees. The ordinance created a new benefit which was theretofore nonexistent. Plaintiffs seek a declaration that the surviving spouses of civilian employees who retired prior to July 1, 1972, are entitled to pension benefits under the ordinance. Catherine Thompson is the surviving spouse of a retired civilian employee who retired previous to July 1, 1972. Defendants refuse to apply the act retroactively.

The trial court sustained defendants' demurrer to plaintiffs' second amended petition. This is premised first on the grounds the petition does not state facts sufficient to constitute a cause of action against the defendants, and second, the relief sought

amounts to a gratuity and is forbidden by Article III, section 19, and Article XIII, section 3, of the Constitution of Nebraska.

Plaintiffs, appellants herein, argue that the wording of section 7.24.129 "A member who has retired under the provisions of this chapter," applies to all civilian employees regardless of whether the employees retired before or after July 1, 1972. Appellants' spouses all retired prior to the time section 7.24.129 became a part of the chapter. For appellants to prevail, section 7.24.129 must relate back to the time of the retirement of their spouses, which in each instance would be before July 1, 1972.

Our law is well settled. An amendment to a legislative act does not act retroactively unless that intent is clearly expressed. As we said in Brown v. Sullivan, 195 Neb. 729, 240 N. W. 2d 51 (1976): "A legislative act will operate only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed." That intent is not clearly disclosed in section 7.24.129. Even if we were to hold otherwise there could be no recovery herein.

The retired employees rendered the city no service after the passage of the amendment. In State ex rel. Haberlan v. Love, 89 Neb. 149, 131 N. W. 196 (1911), a pension case involving the City of Lincoln, we find the following language: "In applying these limitations to the instant case, it may be conceded that the pension forms an inducement to the individual to enter and remain in the service of the fire department, and that the pension in a sense is part of the compensation paid for those services. * * * In this aspect of the case, if no part of the service was rendered subsequent to the enactment of the law, the compensation would be a gratuity forbidden by the fundamental law of the state."

In Wilson v. Marsh, 162 Neb. 237, 75 N. W. 2d 723 (1956), in interpreting a legislative act involving ju-

dicial retirement we stated as follows: "If the services are rendered and terminated before the grant is made the benefits awarded are not compensation but are a gratuity." Also, "It could hardly be made clearer or more positive that retirement benefits are either earned compensation for services rendered after the grant of them and that they are therefore valid or that they are a gratuity and not a part of compensation and therefore invalid."

Article III, section 19, Constitution of Nebraska, states in part: "The Legislature shall never grant any extra compensation to any public officer, agent, or servant after the services have been rendered * * *." Appellants argue that the City of Omaha operates under a home rule charter, and that it possesses powers in strictly local affairs that are not subject to state interference.

In Axberg v. City of Lincoln, 141 Neb. 55, 2 N. W. 2d 613, the court stated: "The purpose of the home rule charter provision of the Constitution was to render the cities adopting such charter provisions as nearly independent of state legislation as was possible. Under it a city may provide for the exercise of every power connected with the proper and efficient government of the municipality where the legislature has not entered the field. Where the legislature has enacted a law affecting municipal affairs, but which is also of state concern, the law takes precedence over any municipal action taken under the home rule charter. But where the legislative act deals with a strictly local municipal concern, it can have no application to a city which has adopted a home rule charter. Whether or not an act of the legislature pertains to a matter of local or state-wide concern becomes a question for the courts when a conflict of authority arises."

Appellants overlook the fact, however, that under the provisions of Article XI, section 2, Constitution of Nebraska, a home rule charter must be consistent

with and subject to the Constitution and laws of this state. City of Millard v. City of Omaha, 185 Neb. 617, 177 N. W. 2d 576 (1970).

Appellants, by inference, contend that the prohibition contained in Article III, section 19, Constitution of Nebraska, applies only to the state as an entity and has no application to a political subdivision thereof. We do not agree. A similar contention was raised in State ex rel. Beck v. City of York, 164 Neb. 223, 82 N. W. 2d 269 (1957). While that case involved Article XIII, section 3, of the Constitution of Nebraska, covering loaning the credit of the state, what was said is equally pertinent to Article III, section 19. We there said: "Political subdivisions of the State exist at the will of the State exercised through the Legislature. For us to say that the State may not loan its credit to an individual, association, or corporation, but that it might create a political subdivision and authorize it to do that which the State itself is prohibited from doing would be, to say the least, a very anomalous situation. It would permit the State to do by indirection the very thing it could not directly do, a theory which has been consistently condemned by this court."

We hold the prohibition contained in Article III, section 19, Constitution of Nebraska, applies to the state and to all political subdivisions thereof.

Appellants cite cases from other jurisdictions which hold that an increase in benefits to persons occupying a pensionable status is not to be treated as a payment of extra compensation or allowance as those terms are used in their law. It is not necessary for us to comment on those cases because the issue before this court is not whether retired employees have achieved a pensionable status, nor is the issue whether the employee or his spouse is entitled to an increase in pension benefits. The issue is whether a spouse of a civilian employee, which spouse had no pensionable status, is entitled to a

new benefit enacted and granted after the employee retired from his employment. The cases cited by the appellants are not in point on the exact issue presented herein.

While we concede retired civilian employees have a pensionable status, that is not true as to the spouse of those civilian employees who retired before July 1, 1972. This is the classification which applies to the appellants. They are seeking a new benefit which was not in existence before July 1, 1972. We agree with the trial court. Plaintiffs' second amended petition did not state a cause of action. The demurrer was properly sustained. The judgment is affirmed.

AFFIRMED.