REQUESTED BY: Dear Senator Carsten:
You have asked two questions concerning LB 285. In your first question you ask whether or not home rule charter cities would be exempt from budget limitation such as that contained in LB 285.
In this question you direct our attention to the case of Epply Hotels Co. v. City of Lincoln, 133 Neb. 550,276 N.W. 196 (1937). In the Eppley case the contention was that the Legislature, by enacting a statute with a lower limit, precluded imposition of a higher limit authorized by the charter. However, the Supreme Court held a city adopting a home rule charter, under the provisions of the Constitution allowing such action, was authorized to exceed such limitations.
The argument now being made is that that case extends to the proposition that the Legislature may not limit a home rule charter city's ability to tax the inhabitants of that city by statute. However, we believe that that argument is incorrect.
In the first instance, the Supreme Court said concerning the limitation on the amount of taxes that may be levied:
 ". . . This particular section of the statute had no particular sanctity beyond any other section of the statutory charter. It was no part of any general revenue statute. It provided for the levying of no taxes for any purposes other than for the uses and purposes of the city and upon no other property except that within the physical limits and jurisdiction of the city. If a home rule charter means what the words imply, why were not the people of Lincoln authorized by the Constitution to hold a charter convention or to have a local constitutional convention of their own and to vote upon the amendments to any charter by which they were formerly governed and make the charter thereby formed supersede the charter formerly existing, so long as they did not thereby violate the Constitution or general laws of the state?" (Emphasis added.) 133 Neb. at 554-555.
The court went on later to state that:
 ". . . While a home rule charter adopted pursuant to the constitutional provision may not contravene any provisions of the Constitution or of any general statute
enacted by the legislature, it is, in all other respects, binding and controlling. . . . " (Emphasis added.) 133 Neb. at 555.
The specific act under attack in Eppley was a limitation on the power to tax of cities the size of Lincoln. LB 285 is a general statute that regulates the authority of all taxing entities within the State of Nebraska. As such, it is a law of general character and not one specifically directed at particular classes of cities or other subdivisions. A city charter which authorized actions which were inconsistent with the Constitution of the State of Nebraska or the general laws of the State of Nebraska would be a nullity. It is, therefore, our conclusion that LB 285 would be applicable to and effective in limiting home rule charter cities.
In your second question you ask whether LB 285 would be effective for fiscal year 1979-80 budget if it is adopted without the emergency clause. You point out that the Legislature will adjourn sometime toward the end of May of 1979 which would place the effective date of LB 285, if adopted without the emergency clause, sometime in August of 1979.
As you know, LB 285 amends LB 1, Eighty-fifth Legislature, First Special Session, 1978. It generally refers to the Uniform Budget Act contained in Chapter 23, article 9. The prohibition of LB 285 is contained in section 12. It provides in part:
 ". . . [N]o governing body of any political subdivision shall adopt a budget statement pursuant to section 23-925, Reissue Revised Statutes of Nebraska, 1943, or pursuant to the charter ordinance of a city with a home rule charter, in which the anticipated combined receipts for the ensuing fiscal year exceeds an increase of more than seven per cent above the combined receipts budget base." (Emphasis added.)
Section 23-925 requires a governing body to adopt a proposed budget after holding a public hearing upon the proposed budget. Governing bodies are required by section23-923, R.R.S. 1943, not later than the first day of August of each year, to prepare and file a proposed budget. This is the budget subject to a public hearing under section23-925. Section 23-927 requires that the governing body shall file and certify with the levying board before September 1 a copy of the adopted budget statement.
Under the Constitution, Article III, section 27, bills become effective three calendar months after adjournment of the legislative session. Generally a statute will not be given retroactive effect unless it is clearly and unequivocally ascertainable that the Legislature so intended. See Brown v. Sullivan, 195 Neb. 729,240 N.W.2d 51 (1976), and Retired City Civilian Employees Club of theCity of Omaha v. The City of Omaha Employee Retirement System,199 Neb. 507, 260 N.W.2d 472 (1977). If the action of a governing body in adopting a budget statement were to occur after the effective date of LB 285, LB 285 would govern the adoption of the budget statement. If, on the other hand, the adoption of the budget statement occurs prior to the effective date of LB 285, the constraints upon the adopting body would be those existing under LB 1.
Such results are not unprecedented in Nebraska law. In the case of Wheaton v. Aetna Life Ins. Co., 128 Neb. 585,259 N.W. 753 (1935), the interest rate on judgments was changed from seven to six percent. Interest accrued on a judgment after adoption of an amendment but before its effective date. The Legislature had adopted the act and adjourned in May and the judgment arose as of June 1. The Supreme Court held that the applicable interest rate was seven percent.
Here the act controlled by LB 285 is the adoption of the budget statement. That act will not be controlled until the effective date of LB 285. In all probability most budget statements will have been adopted prior to the effective date of LB 285 if it is adopted without the emergency clause.
We have reviewed LB 285 to find any expression of an intention for retroactive operation. We find none. Furthermore, we do not believe such an intention, if expressed, would be legally effective.