WRITTEN BY: Senator Vard Johnson Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
This is in response to your letter of November 7, 1985. In that letter you express concern about the passage of an income tax bill by the special session without the emergency clause. In essence, your question is whether or not the income tax rate could be retroactively applied to 1985 if the effective date of the bill was in 1986 because sufficient votes were not garnered for the passage of the bill with the emergency clause.
The general rule of law in regard to the question of the retroactive effect of an income tax is that a tax is not necessarily unconstitutional merely because it has some retroactive effect. Welch v. Henry, 305 U.S. 134 (1938). Likewise, in Opinion to the Governor, 170 A.2d 908 (R.I. 1961), the court noted that "it appears to us that the authorities are in substantial agreement that income tax statutes may within reasonable limits be given retroactive operation." Id. at 911.
This rule of law is particularly applicable where there is no specific constitutional prohibition against retroactive legislation. See, Annotation, Retroactive Effect of Income Tax, 11 A.L.R. 518, supplemented, 109 A.L.R. 523, 118 A.L.R. 1153. In Nebraska, of course, there is no such prohibition and the rule is that statutes may operate retrospectively where the legislative intent and purpose that it should so operate is clearly disclosed. Retired City Civilian Employees Club v. City of Omaha Employees Retirement System, 199 Neb. 507, 260 N.W.2d 472 (1977).
Absent such constitutional prohibitions, the chief objection to such legislation is that it constitutes a denial of due process. The general principle, however, is that retroactive operation of tax statutes do not per se violate the due process rights of taxpayers adversely affected thereby. Welch v. Henry, supra. It is necessary in each case, though, "to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation." Id. at 147.
In that case it was pointed out that the instances wherein due process was violated involved situations where the nature or the amount of the tax could not reasonably have been anticipated by the taxpayer at the time of the particular voluntary act which the statute later made the taxable event, or in other words, if the taxpayers were reasonably forewarned, the tax will not be held to be oppressive. Thus, "recent transactions" have generally been upheld to be taxable retroactively. In particular, in the case of Welch v. Henry, supra, which is the leading case on this question, the legislature's revision of the tax laws occurred in 1935 and operated retroactively upon income earned in 1933.
We have likewise found many situations wherein the courts have upheld the retroactive application of tax laws to January 1 of the year in which the act was passed, but none dealing specifically with the retroactive application of tax rates to a prior year. Nevertheless, considering the principles cited in Welch v. Henry, as well as the facts of that case, and in addition the fact that Nebraska taxpayers would have full knowledge in 1985 that the tax rates will be increased for the 1985 tax year even though the law itself is not effective until 1986, we can find no basis for concluding that such a provision would be unconstitutional or necessarily unenforceable.
While such a result itself may not be constitutionally improper, there may nevertheless be tremendous practical and administrative difficulties under the current tax reporting statutes in implementing such a retroactive tax increase. Thus, from this standpoint alone, passage of such an income tax increase with the emergency clause would obviously be preferable.
Sincerely,
ROBERT M. SPIRE Attorney General