REQUESTED BY: Senators LaVon Crosby and Elaine Stuhr Nebraska state Legislature
You have requested that the Attorney General address two issues relating to the constitutionality of Legislative Bill 532. The provisions of LB 532, for the most part, establish a supplemental retirement benefit for certain retired members of the School Retirement System and the Retirement System for Class V School Districts based on years of creditable service.
It is FIRST inquired:
 [D]oes LB 532 as written violate Article III. Section 18 of the Nebraska Constitution, i.e. whether it violates the prohibition against special legislation.
In summary, the provisions of LB 532 establish minimum levels of retirement benefits for retired members of the school retirement systems having twenty or more years of creditable service at the effective date of the legislative act. Section 2 of the Bill establishes a two hundred fifty dollar minimum for retirees with twenty years of service. The minimum benefit level is increased in fifty dollar increments for each year of additional service beyond twenty years to twenty-five years or more of creditable service. A retiree having twenty-five or more years of service would receive a minimal retirement benefit of five hundred dollars.
Neb. Const. art. III, § 18 provides in pertinent part:
 The Legislature shall not pass local or special laws in any of the following cases, that is to say: . . . . Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. . . . In all other cases where a general law can be made applicable, no special law shall be enacted.
A legislative act constitutes special legislation under art. III, § 18 if it (1) creates an arbitrary and unreasonable method of classification or (2) creates a permanently closed class. See,City of Ralston v. Balka, 247 Neb. 773, 530 N.W.2d 594 (1995);Henry v. Rockey, 246 Neb. 398, 518 N.W.2d 658 (1994). Thus, the first inquiry focuses on whether the provisions of the legislative act in question create an arbitrary and unreasonable method of classification. In viewing classification issues, the Nebraska Supreme Court has stated:
 A legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to objects to be classified. Classifications for the purpose of legislation must be real and not elusive. They cannot be based on distinctions without a substantial difference. . . .
 Classification is proper if the special class has some reasonable distinction from other subjects of like general character, which distinction bears some reasonable relationship to the legitimate objectives and purposes of the legislation The question is always whether the things or persons classified by the act form by themselves a proper and legitimate class with reference to the purpose of the act.
Haman v. March, 237 Neb. 699, 711, 467 N.W.2d 836, 846 (1991) (quoting State ex rel. Douglas v. Marsh, 207 Neb. 598,300 N.W.2d 181 (1980). (emphasis added).
Review of LB 532 reflects that the purpose of the act is to provide a supplemental pension benefit for the class of retirees with twenty or more years of creditable service if current benefit amounts are below certain dollar amounts. We believe the classification(s) is reasonable in view of the fact that the Legislature is accorded broad discretion as to conditions of public employment and as to the requirements, classifications, contributions to and benefits conferred by a retirement act. SeeGossman v. State Employees Retirement System, 177 Neb. 326,129 N.W.2d 97 (1964).
The second inquiry is whether the legislative act creates a permanently closed class. We believe the classes of retirees established under section 2 of the Bill constitute permanent closed classes and therefore unconstitutional special legislation. The classes are closed in the sense that only retirees having twenty or more years of creditable service "as ofthe effective date of this act" comprise membership of the classification as of its effective date and leave no room for any increase in its membership. It has been long held by the Nebraska Supreme Court that:
 The rule appears to be settled by an almost unbroken line of decisions that a classification which limits the application of the law to a present condition, and leaves no room or opportunity for an increase in the numbers of the class by future growth or development, is special, and a violation of the constitution above quoted. . . .
Haman at 716, 467 N.W.2d at 848, [citing City of Scottsbluff v.Tiemann, 185 Neb. 256, 262, 175 N.W.2d 74, 79 (1970) (quotingState v. Kelso, 92 Neb. 628, 139 N.W.2d 226 (1912)].
Accordingly, it is our opinion that LB 532 is constitutionally suspect as special legislation in violation of Neb. Const. art. III, § 18.
The SECOND issue you present is:
 [D]oes LB 532 as written violate Article III Section 19 of the Nebraska Constitution, i.e. whether it constitutes the granting of extra compensation to a public servant after the service has been rendered and is not in the form of a cost of living adjustment to a retirement benefit.
Generally, the granting of a retirement or pension benefit in instances where no part of the service was rendered subsequent to the enactment of the law is a gratuity in violation of Neb. Const. art. III, § 19. Retired City Civilian Employees Clubv. City of Omaha Employees Ret. Sys., 199 Neb. 507,260 N.W.2d 472 (1977); Gossman v. State Employees Retirement System. However, adjustments to retirement benefits of public employees to reflect cost of living changes are permissible. Neb. Const. art. III, § 19 in relevant part states:
 The Legislature shall never grant any extra compensation to any public officer, agent or servant after the services have been rendered . . . except that retirement benefits of retired public officers and employees may be adjusted to reflect changes in the cost of living and wage levels that have occurred subsequent to the date of retirement, . . . .
(Emphasis supplied).
Due to this express exception, adjustments to retirement benefits are not violative of the constitutional provision to the extent the adjustments are based on changes in the cost of living and wage levels that have subsequently occurred. The difficulty
with the adjustments provisions of the Bill is that it cannot be determined from its provisions whether the adjustments are based on widely accepted cost of living index or other indices. Section 1 of the Bill characterizes the adjustments "to reflect changes that have occurred subsequent to the date of retirement for each person who is retired." However, the provisions of the Bill do not define the term cost of living or expressly base adjustment amounts to a specific cost of living index. We have previously concluded that "the percentage of increase implemented would necessarily be based on a cost of living index." See Op. Att'y Gen. 93020 (1993).
A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their plain, or ordinary and popular meaning. Southern Nebraska RuralPublic Power Dist. v. Nebraska Elec. Generation and TransmissionCo-op, Inc., 249 Neb. 913, 546 N.W.2d 315 (1996); Baker'sSupermarkets, Inc. v. State Dept of Agriculture, 248 Neb. 894,540 N.W.2d 574 (1995).
In the absence of statutory definition or established common law meaning, the plain and ordinary meaning of "cost of living" is "the cost of purchasing those goods and services which are included in an accepted level of consumption." Webster's Third New International Dictionary 515. Based on this popular definition, federal courts have interpreted the phrase, cost of living, as having this ordinary meaning and that it is properly measured by the Consumer Price Index. Harris v. Sullivan,968 F.2d 263 (2nd Cir. 1992) (further citing other federal case authorities).
Section 2 of the Bill establishes minimum levels of retirement benefit amounts on a graduated scale from two hundred fifty dollars a month for retirees with twenty years of service to five hundred dollars each month for retirees with twenty-five or more years of service. It does not appear or at least cannot be readily determined whether the incremental increases are based on increases that have occurred in the cost of living and wage levels as measured by a consumer price index. The adjustment would be gratuitous in the absence of any showing that the adjustment amounts are tied to a cost of living index. For this reason, it is our opinion that the adjustment provisions of LB 532 are constitutionally suspect as violative of Neb. Const. art. III, § 19.
Since we have concluded that the cost of living adjustment provisions of LB 532 are violative of art. III, § 19, it is not necessary to engage in a lengthy discussion of the related issue whether the specific authorization for cost of living adjustments of art. III § 19 supersedes the special laws prohibition of art. III, § 18. This issue arises because the cost of living adjustment provisions of art. III, § 19 were added by 1972 Neb. Laws, LB 1414, § 1 after adoption of the provisions of art. III, § 18. However, we point out that we do not perceive any conflict between these constitutional provisions. The provisions of §§ 18 and 19 are not conflictive since cost of living adjustments for retired public employees may be accomplished without the creation of permanent closed classes.
The Nebraska Supreme Court has opined:
 A state constitution is the supreme written will of the people of a state regarding the framework for their government and is subject only to the limitations found in the federal Constitution. (citation omitted). The state Constitution, as amended, must be read as a whole. (citation omitted). A constitutional amendment becomes an integral part of the instrument and must be construed and harmonized, if possible, with all other provisions so as to give effect to every section and clause as well as to the whole instrument. (citations omitted). If inconsistent, a constitutional amendment prevails over a provision in the original instrument; but a court will find distinct constitutional provisions repugnant to each other only when they relate to the same subject, are adopted for the same purpose, and are incapable of enforcement without substantial conflict.
Jaksha v. State, 241 Neb. 106, 110-11, 486 N.W.2d 858, 863 (1992) (quoting other authorities) (emphasis added).
The amendment of art. III, § 19 authorizing cost of living adjustments for retired public employees may be harmonized with the provisions of art. III, § 18 prohibiting special legislation. That is to say, provisions for cost of living adjustments for public employees may be legislatively enacted without the creation of permanent closed classes proscribed by art. III, § 18. Thus, the constitutional provisions may be applied without conflict.
Sincerely yours,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved By:
Don Stenberg
Attorney General