REQUESTED BY: Senator D. Paul Hartnett Nebraska State Legislature
You have inquired concerning the constitutionality of Legislative Bill 650 introduced in the 1997 legislative session. LB 650 would amend the provisions of the Nebraska State Patrol Retirement Act, Neb. Rev. Stat. §§ 81-2014 to 81-2036 (1994, Cum. Supp. 1996, and Supp. 1997), to provide supplemental retirement benefits for certain retired state patrol officers or surviving spouses in an amount equal to 3 percent for the years 1985 through 1991.
From a constitutional viewpoint, an increase in retirement benefit amounts for retired public employees is viewed in the context of whether the supplemental benefit for certain retired employees would constitute special legislation in violation of Article III, § 18, of the Nebraska Constitution; and, secondly, whether the benefit increase would constitute a gratuity in violation of Article III, § 19, of the Nebraska Constitution.
SPECIAL LEGISLATION
Neb. Const. art. III, § 18 states in particular part:
 The Legislature shall not pass local or special laws in any of the following cases, that is to say: . . . . Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. . . . In all other cases where a general law can be made applicable, no special law shall be enacted.
A legislative act constitutes special legislation under this constitutional provision if the act (1) creates an arbitrary and unreasonable method of classification or (2) creates a permanently closed class. See City of Ralston v. Balka,247 Neb. 773, 530 N.W.2d 594 (1995); Henry v. Rockey, 246 Neb. 398,518 N.W.2d 658 (1994). Accordingly, the first inquiry is whether the provisions of LB 650 would create an arbitrary and unreasonable method of classification.
The purpose of LB 650 is to provide supplemental retirement benefits for a class of retirees under the State Patrol Retirement Act. We generally believe the classification is reasonable since the Legislature is accorded broad discretion as to the conditions of public employment and as to requirements, classifications, contributions to, and benefits conferred by a retirement act. See Gossman v. State Employees RetirementSystem, 177 Neb. 326, 129 N.W.2d 97 (1964).
The second inquiry is whether the legislative act would establish a permanently closed class. It is our view that the class of retirees to be benefited constitutes a permanently closed class and, therefore, unconstitutional special legislation. The class to be created is closed in the sense that only those retirees who retired prior to December 31, 1991, would receive the increased benefit amount. The Nebraska Supreme Court has long held that:
 The rule appears to be settled by an almost unbroken line of decisions that a classification which limits the application of the law to a present condition, and leaves no room or opportunity for an increase in the numbers of the class by future growth or development, is special, and a violation of the constitution above quoted. . . .
Haman v. Marsh, 237 Neb. 699, 716, 467 N.W.2d 836, 848 (1991) [citing City of Scottsbluff v. Tiemann, 185 Neb. 256, 262,175 N.W.2d 74, 79 (1970) (quoting State v. Kelso, 92 Neb. 628,139 N.W.2d 226 (1912)]. (Emphasis added).
For this reason, it is our conclusion that LB 650 is constitutionally suspect as special legislation offensive to Neb. Const. art. III, § 18.
GRANTING OF EXTRA COMPENSATION
The granting of a retirement or pension benefit where no part of the service was rendered subsequent to the enactment of the law is a gratuity in violation of Neb. Const. art. III, § 19.Retired City Civilian Employees Club v. City of Omaha Ret. Sys.,199 Neb. 507, 260 N.W.2d 472 (1977); Gossman v. State EmployeesRetirement System. However, adjustments to retirement benefits of public employees to reflect cost of living and wage changes are constitutionally permissible. In relevant part, Article III, § 19, states:
 The Legislature shall never grant any extra compensation to any public officer, agent or servant after the services have been rendered . . . except that retirement benefits of retired public officers and employees may be adjusted to reflect changes in the cost of living and wage levels that have occurred subsequent to the date of retirement. . . .
(Emphasis supplied).
Adjustments that are based on changes in the cost of living and wage levels are not offensive to this constitutional provision. However, it is problemsome that the provisions of LB 650 purport to provide increases to reflect changes in the cost of living and wage levels equal to 3 percent for certain specified years. The provisions of the bill do not define the term "cost of living," and the adjustments are not expressly based on a specific cost of living index. This office has previously concluded that "the percentage of increase implemented would necessarily be based on a cost of living index." See Ops. Att'y Gen. 93020 (1993) and 97026 (1997).
It does not appear, or at least it cannot be readily ascertained, whether the percentage increases are based on increases that have occurred in the cost of living and wage levels as measured by a consumer price index. Thus, the adjustments would be gratuitous in the absence of any showing that the adjustment amounts are tied to a cost of living index. Accordingly, we believe the provisions of LB 650 are constitutionally suspect as offensive to Neb. Const. art. III, § 19.
You also request that the Attorney General "provide some guidance on steps which might be taken to cure any potential constitutional defects. . . ." As we pointed out above, the legislative act should not create a permanently closed class. As the Nebraska Supreme Court has concluded, the class created should have room for future growth or opportunity for an increase in numbers. An open class would not constitute special legislation.
In other respects, any increase in benefits, after services are rendered, should be tied to a consumer price index. We point out that provisions of the State Patrol Retirement Act include benefit adjustments that are based on a consumer price index.See Neb. Rev. Stat. § 81-2027 (1994). We refer you to this statutory provision only because benefit adjustments are tied to increases determined by a consumer price index.
You have also inquired whether "any potential constitutional defects in LB 650 call into question the validity of the earlier legislation?" The earlier legislation you refer to is Neb. Rev. Stat. § 81-2035 (1994) which includes provisions similar to LB 650. Generally, we decline to respond to legislative inquiries regarding the constitutionality of statutes as a matter of policy. See Op. Att'y Gen. No. 157 (1985).
Sincerely yours,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg 
Attorney General